UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISON

FILED
JOHN P. NEWMAN
CLERK

13 AUG 21 PM 4: 44

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | **1¦13CR- 091** |
| | : | **I N D I C T M E N T** |
| v. | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 922(g)(1) **J. BECKWITH** |
| | : | 18 U.S.C. § 924(a)(2) |
| **LETICIA DIAZ-SEDANO** (1) | : | 18 U.S.C. § 924(c)(1) |
| (Counts 1, 3, 12, 13) | : | 18 U.S.C. § 1952(a)(3) |
| **ADAN PALOMARES** aka "Tony" (2) | : | 18 U.S.C. § 1956(a)(1)(A)(i) |
| (Counts 1, 3, 4, 10, 11) | : | 18 U.S.C. § 1956(a)(1)(B)(i) |
| **GARY F. ANDERSON** (3) | : | 18 U.S.C. § 1956(a)(1)(B)(ii) |
| (Counts 1, 2, 3, 5-18) | : | 18 U.S.C. § 1956(h) |
| **MATTHEW JONES** (4) | : | 21 U.S.C. § 841(a)(1) |
| (Counts 1, 2, 3, 7, 8) | : | 21 U.S.C. § 841(b)(1)(A)(i) |
| **SARA MEUSER FATH** (5) | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| (Counts 1, 9, 14) | : | 21 U.S.C. § 841(b)(1)(C) |
| **CHRISTOPHER HARDY** (6) | : | 21 U.S.C. § 843(b) |
| (Counts 1, 3, 5, 6) | : | 21 U.S.C. § 846 |
| | : | Notice of Forfeiture |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE GRAND JURY CHARGES THAT:

## COUNT 1

Beginning from in or about June, 2011, the exact date being unknown to the grand jury, and continuing up to and including the date of this Indictment, in the Southern District of Ohio, and elsewhere, LETICIA DIAZ-SEDANO, ADAN PALOMARES, aka "Tony", GARY F. ANDERSON, MATTHEW JONES, SARA MEUSER FATH, and CHRISTOPHER HARDY, the defendants herein, and others both known and unknown to the grand jury, did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit: to

knowingly, willfully, intentionally and unlawfully distribute and possess with intent to distribute one kilogram or more of heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and five kilograms or more of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii).

It was further a part of the conspiracy that facilitators, including LETICIA DIAZ-SEDANO and a person known to the grand jury, would contact various suppliers of heroin and cocaine and coordinate the shipment of the drugs and the return of the cash payments to the suppliers.

It was further a part of the conspiracy that members of the conspiracy would use semi-tractor trailers to transport the drugs from California and other states.

It was further a part of the conspiracy that ADAN PALOMARES, aka "Tony", would assist LETICIA DIAZ-SEDANO in the delivery of drugs and the collection of cash payments for the drugs to GARY F. ANDERSON in Cincinnati, Ohio, and to a person known to the grand jury in Springfield, Ohio.

It was further a part of the conspiracy that MATTHEW JONES, SARA MEUSER FATH, CHRISTOPHER HARDY, and others would distribute and assist GARY F. ANDERSON in the distribution of drugs in Cincinnati, Ohio.

It was further a part of the conspiracy that MATTHEW JONES would purchase large amounts of lactose from a nutrition store in Cincinnati, Ohio to be used as a cutting agent for drugs prior to their distribution to local customers.

It was further a part of the conspiracy that SARA MEUSER FATH would provide apartments for GARY F. ANDERSON to store money, drugs, and firearms.

It was further a part of the conspiracy that SARA MEUSER FATH would assist GARY F. ANDERSON to obtain the benefits of the proceeds of the sales of drugs by using some of the

proceeds to purchase an automobile in her name for GARY F. ANDERSON who had no legitimate source of income.

It was further a part of the conspiracy that members of the conspiracy would use telephones to facilitate the purposes of the conspiracy and used code in order to conceal drug trafficking.

In furtherance of the conspiracy and in order to accomplish its objectives, the defendants, LETICIA DIAZ-SEDANO, ADAN PALOMARES, aka "Tony", GARY F. ANDERSON, MATTHEW JONES, SARA MEUSER FATH, and CHRISTOPHER HARDY, committed, among others, the following:

## OVERT ACTS

1. On March 21, 2013, MATTHEW JONES purchased eight pounds of lactose from a nutrition store in Cincinnati, Ohio.

2. On March 22, 2013, MATTHEW JONES purchased five pounds of lactose from a nutrition store in Cincinnati, Ohio.

3. On March 22, 2013, GARY F. ANDERSON and MATTHEW JONES sold heroin to a person known to the grand jury.

4. On April 27, 2013, GARY F. ANDERSON, with the assistance of SARA MEUSER FATH, purchased a Mercedes Benz automobile and caused the vehicle to be titled in the name of SARA FATH in order to conceal that he was the true owner of the vehicle.

5. On May 19, 2013, GARY F. ANDERSON ordered "two baby boys" (two kilograms of heroin) and "three baby girls" (three kilograms of cocaine) by sending text messages to ADAN PALOMARES, aka "Tony".

6. On May 19, 2013, GARY F. ANDERSON sent text messages to ADAN PALOMARES, aka "Tony", telling him that he had $205,000.00 toward the purchase of the drugs and would owe a balance of $53,000.00.

7. On June 2, 2013, ADAN PALOMARES, aka "Tony", rented a room at a downtown Cincinnati hotel and later met with GARY F. ANDERSON.

8. On June 27, 2013, GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", had a telephone conversation about money owed by GARY F. ANDERSON for drugs.

9. On June 28, 2013, GARY F. ANDERSON had a telephone conversation with CHRISTOPHER HARDY during which they discussed the weight of heroin in CHRISTOPHER HARDY's possession.

10. On June 28, 2013, ADAN PALOMARES, aka "Tony", and a female companion rented a room at a downtown Cincinnati hotel.

11. On June 28, 2013, GARY F. ANDERSON and SARA MEUSER FATH had a telephone conversation about money hidden in a vent at a downtown Cincinnati, Ohio apartment.

12. On June 29, 2013, GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", had a telephone conversation about money owed by GARY F. ANDERSON for drugs.

13. On July 3, 2013, GARY F. ANDERSON had a telephone conversation with MATTHEW JONES during which they discussed MATTHEW JONES adding adulterant (cut) to drugs in his possession.

14. On July 5, 2013, GARY F. ANDERSON and LETICIA DIAZ-SEDANO had a telephone conversation during which they discussed future deliveries of drugs by LETICIA DIAZ-SEDANO.

15. On July 8, 2013, GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", had a telephone conversation about future deliveries of drugs and money owed by GARY F. ANDERSON for drugs.

16. On July 10, 2013, GARY F. ANDERSON had a telephone conversation with CHRISTOPHER HARDY during which they discussed the quality of drugs in CHRISTOPHER HARDY's possession.

17. On July 10, 2013, GARY F. ANDERSON and LETICIA DIAZ-SEDANO had a telephone conversation wherein LETICIA DIAZ-SEDANO informed GARY F. ANDERSON that he would be receiving two shipments of drugs; one shipment of "3 baby Boys" (three kilograms of heroin) from Chicago and the other a shipment of "8 baby girls" (eight kilograms of cocaine) and "2 Baby boys" (two kilograms of heroin) from her regular source.

18. On July 11, 2013, GARY F. ANDERSON and LETICIA DIAZ-SEDANO had a telephone conversation wherein LETICIA DIAZ-SEDANO instructed GARY F. ANDERSON to go to a hotel in downtown Cincinnati to exchange money for drugs.

19. On July 11, 2013, GARY F. ANDERSON possessed $187,460.00 in narcotics proceeds in a hotel room in downtown Cincinnati.

20. On July 12, 2013, GARY F. ANDERSON possessed $226,286.00 in narcotics proceeds, a firearm, money counter, and owe sheets at an apartment provided to him by SARA MEUSER FATH on Golden Avenue in Cincinnati, Ohio.

21. On July 12, 2013, GARY F. ANDERSON possessed three firearms, scales, and a small amount of heroin at a house on Cedar Avenue in Cincinnati, Ohio.

22. On July 12, 2013, GARY F. ANDERSON possessed a firearm and digital scales at an apartment provided to him by SARA MEUSER FATH on Mehring Way in Cincinnati, Ohio.

23. On July 12, 2013, GARY F. ANDERSON possessed $9,950.00 in narcotics proceeds in an automobile purchased in the name of SARA MEUSER FATH and parked in a garage on Mehring Way in Cincinnati, Ohio.

24. On July 12, 2013, SARA MEUSER FATH possessed $1,220.00 in narcotics proceeds that she was holding for GARY F. ANDERSON.

25. On July 12, 2013, ADAN PALOMARES, aka "Tony", telephoned a person known to the grand jury to tell him something happened to GARY F. ANDERSON and ADAN PALOMARES', aka "Tony", money courier in Cincinnati and that they would have to change their phone numbers,

26. On July 15, 2013, LETICIA DIAZ-SEDANO contacted a person known to the grand jury and told him that the shipment of "8 baby girls" (eight kilograms of cocaine) and "2 baby boys" (two kilograms of heroin) was in the area and available for pick up by him. LETICIA DIAZ-SEDANO provided the person known to the grand jury with the truck driver's telephone number.

27. On July 15, 2013, the person known to the grand jury contacted the truck driver.

28. On July 15, 2013, the truck driver was arrested on I-70 in the Southern District of Ohio, and eight kilograms of cocaine and two kilograms of heroin were seized from the cab of the truck.

In violation of 21 U.S.C. § 846.

## COUNT 2

On or about March 22, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and MATTHEW JONES knowingly distributed a detectable amount of heroin, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

## COUNT 3

Between on or about July 11, 2013 to July 15, 2013, in the Southern District of Ohio, defendants LETICIA DIAZ-SEDANO, ADAN PALOMARES, aka "Tony", GARY F. ANDERSON, MATTHEW JONES, and CHRISTOPHER HARDY did knowingly attempt to possess with intent to distribute five kilograms or more of cocaine, a Schedule II Controlled Substance, and one kilogram or more of heroin, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and (b)(1)(A)(i) and § 846 and 18 U.S.C. § 2 and Pinkerton v. United States.

## COUNT 4

On or about June 28, 2013, in the Southern District of Ohio and elsewhere, defendant ADAN PALOMARES, aka "Tony", traveled in interstate commerce from the State of Nevada to the State of Ohio, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that being a business enterprise involving a conspiracy to distribute a mixture or substance containing a detectable amount of heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, namely the receipt of U.S. currency for drugs previously delivered to the Southern District of Ohio.

In violation of 18 U.S.C. § 1952(a)(3).

## COUNT 5

On or about June 27, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and CHRISTOPHER HARDY did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a

conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and CHRISTOPHER HARDY did use the telephone to discuss the weight of approximately one kilogram of heroin previously received by CHRISTOPHER HARDY from GARY F. ANDERSON.

In violation of 21 U.S.C. § 843(b).

## COUNT 6

On or about July 10, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and CHRISTOPHER HARDY did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and CHRISTOPHER HARDY did use the telephone to discuss the quality of drugs previously received by CHRISTOPHER HARDY from GARY F. ANDERSON.

In violation of 21 U.S.C. § 843(b).

## COUNT 7

On or about June 28, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and MATTHEW JONES did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and MATTHEW JONES did use the telephone to discuss the amount of drugs that MATTHEW JONES had on hand for sale for GARY F. ANDERSON.

In violation of 21 U.S.C. § 843(b).

## COUNT 8

On or about July 3, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and MATTHEW JONES did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and MATTHEW JONES did use the telephone to discuss mixing an amount of adulterant (cut) to drugs on hand for sale for GARY F. ANDERSON.

In violation of 21 U.S.C. § 843(b).

## COUNT 9

On or about June 28, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and SARA MEUSER FATH did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and SARA MEUSER FATH did use the telephone to discuss retrieving an amount of U.S. currency concealed in a vent in an apartment in downtown Cincinnati, Ohio.

In violation of 21 U.S.C. § 843(b).

## COUNT 10

On or about June 29, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and

cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", did use the telephone to discuss the delivery of approximately $180,000.00 in U.S. currency, proceeds of drug sales, from GARY F. ANDERSON to ADAN PALOMARES, aka "Tony".

In violation of 21 U.S.C. § 843(b).

## COUNT 11

On or about July 8, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and ADAN PALOMARES, aka "Tony", did use the telephone to discuss a future delivery of drugs and money owed for a previous shipment to GARY F. ANDERSON to ADAN PALOMARES, aka "Tony", and other members of the conspiracy.

In violation of 21 U.S.C. § 843(b).

## COUNT 12

On or about July 5, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and LETICIA DIAZ-SEDANO did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and LETICIA DIAZ-SEDANO did use the telephone to discuss the future delivery

of heroin and cocaine to GARY F. ANDERSON by LETICIA DIAZ-SEDANO and other members of the conspiracy.

In violation of 21 U.S.C. § 843(b).

## COUNT 13

On or about July 10, 2013, in the Southern District of Ohio, defendants GARY F. ANDERSON and LETICIA DIAZ-SEDANO did knowingly, intentionally, and unlawfully use a communication facility, that is a telephone, to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute heroin and cocaine, Schedule I and II Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and § 846, in that GARY F. ANDERSON and LETICIA DIAZ-SEDANO did use the telephone to discuss the future delivery of eight kilograms of cocaine and two kilograms of heroin to GARY F. ANDERSON by LETICIA DIAZ-SEDANO and other members of the conspiracy.

In violation of 21 U.S.C. § 843(b).

## COUNT 14
## (MONEY LAUNDERING CONSPIRACY)

Beginning on or about April 22, 2013, and continuing up to and including the date of this Indictment, in the Southern District of Ohio, defendants GARY F. ANDERSON and SARA MEUSER FATH did knowingly, intentionally, and unlawfully conspire to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and to avoid a transaction reporting requirement under federal law, knowing that the property involved in the financial transactions represented the proceeds of specified unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) & (B)(i) & (B)(ii).

## OBJECT

It was the object of the conspiracy to obtain for GARY F. ANDERSON the benefit of monies generated by the sales of controlled substances by conducting financial transactions in the purchase of an automobile in a way that concealed the true ownership and source of the funds used to purchase the vehicle.

## MANNER AND MEANS

It was a part of the conspiracy that between April 22, 2013 and July 9, 2013, GARY F. ANDERSON, with the assistance of SARA MEUSER FATH, purchased a 2007 Mercedes Benz automobile with $18,000.00 in funds from the personal account of SARA MEUSER FATH and $8,000.00 in cash paid by GARY F. ANDERSON and caused the vehicle to be titled in the name of SARA FATH.

It was a part of the conspiracy that GARY F. ANDERSON provided cash to SARA MEUSER FATH, part of which she then deposited into her personal account in repayment of the $18,000.00.

It was a part of the conspiracy that SARA MEUSER FATH would structure the cash deposits into her personal account so that no deposit would exceed $10,000.00, thus avoiding the bank reporting requirements.

## OVERT ACTS

1. On April 24, 2013, GARY F. ANDERSON and SARA MEUSER FATH inspected a 2007 Mercedes Benz automobile at a car dealership in Cincinnati, Ohio.

2. On April 27, 2013, SARA MEUSER FATH purchased cashier's check number 4759503191 in the amount of $18,000.00 at U.S. Bank in Cincinnati, Ohio, using funds from her personal account.

3. On April 27, 2013, SARA MEUSER FATH signed an application for Ohio license tags to title the automobile in her name.

4. On May 1, 2013, SARA MEUSER FATH deposited $8,900.00 in U.S. currency into her personal account.

5. On May 23, 2013, SARA MEUSER FATH deposited $5,000.00 in U.S. currency into her personal account.

6. On July 9, 2013, the 2007 Mercedes was registered in the name of SARA FATH.

All in violation of 18 U.S.C. § 1956(h).

## COUNT 15

On or about July 12, 2013, in the Southern District of Ohio, defendant GARY F. ANDERSON, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, that is, Trafficking in Cocaine, in case number B 0512206 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess at 1430 Cedar Avenue, Cincinnati, Ohio, firearms in and affecting commerce, to wit: an AR semi-automatic rifle .223 cal M-4 Carbine, serial number 04465F13, with two boxes of ammunition; a .38 Colt revolver, revolver, serial number 664016, with ammunition; and a J.C. Higgins sawed-off shotgun, serial number 58360, all of which had been shipped or transported in interstate commerce.

All in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

## COUNT 16

On or about July 12, 2013, in the Southern District of Ohio, defendant GARY F. ANDERSON, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, that is, Trafficking in Cocaine, in case number B 0512206 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess at 621 East Mehring Way, Cincinnati, Ohio, a firearm in and affecting commerce, to wit: a Taurus

.45 cal revolver, serial number EM355182, which had been shipped or transported in interstate commerce.

All in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. §§ 924(a)(2).

## COUNT 17

On or about July 12, 2013, in the Southern District of Ohio, defendant GARY F. ANDERSON, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, that is, Trafficking in Cocaine, in case number B 0512206 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess at 3203 Golden Avenue, Cincinnati, Ohio, a firearm in and affecting commerce, to wit: a Taurus Millennium pro semi-automatic .45 handgun, serial number NZA75374, which had been shipped or transported in interstate commerce.

All in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. §§ 924(a)(2).

## COUNT 18

On or about July 12, 2013, in the Southern District of Ohio, defendant GARY F. ANDERSON, in furtherance of a drug trafficking offense for which GARY F. ANDERSON could be prosecuted in a court of the United States, did possess a firearm, a Taurus Millennium pro semi-automatic .45 handgun, serial number NZA75374, and ammunition.

All in violation of 18 U.S.C. § 924(c)(1).

## FORFEITURE

Upon conviction of the offenses set forth in Count 1 of this Indictment, defendants LETICIA DIAZ-SEDANO, ADAN PALOMARES, aka "Tony", GARY F. ANDERSON, MATTHEW JONES, SARA MEUSER FATH, and CHRISTOPHER HARDY shall forfeit to the United States pursuant to 21 U.S.C. § 853(a): (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations; and (b) any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including, but not limited to the following property:

Currency:

    a. $187,460.00 in U.S. currency seized on July 11, 2013 at the Millennium Hotel in Cincinnati, Ohio;

    b. $226,286.00 in U.S. currency seized on July 12, 2013 at 3203 Golden Avenue, Apartment 506, Cincinnati, Ohio;

    c. $9,950.00 in U.S. currency seized on July 12, 2013 in a 2007 Mercedes Benz automobile that was parked in a garage at 621 East Mehring Way, Cincinnati, Ohio;

    d. $1,220.00 in U.S. currency seized from SARA MEUSER FATH on July 12, 2013; and

Money Judgment:

    e. A sum of money equal to the total amount of money involved in the offense, or conspiracy to commit such offense, for which the defendants are convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Upon conviction of the offense set forth in Count 14 of this Indictment, defendants GARY F. ANDERSON and SARA MEUSER FATH shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a), any property, real or personal, involved in such offense, and any property traceable to such property including, but is not limited to, the following:

Vehicle:

    f. A 2007 Mercedes-Benz, VIN WDDDJ72XX7A112106, seized at 621 East Mehring Way, Cincinnati, Ohio; and

Money Judgment:

    g. A sum of money equal to the total amount of money involved in the offense, or conspiracy to commit such offense, for which the defendants are convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Upon conviction of any or all of the offenses set forth in Counts 15-18 of this Indictment, defendant GARY F. ANDERSON shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

Firearms:

    h. A Taurus .45 cal revolver, serial number EM355182, and ammunition;

    i. An AR semi-automatic rifle .223 cal M-4 Carbine, serial number 04465F13, with two boxes of ammunition;

    j. A .38 Colt revolver, serial number 664016, with ammunition;

    k. A J.C. Higgins sawed-off shotgun, serial number 58360;

    l. A Springfield 12 ga. shotgun, serial number P983945;

    m. A Glock 9mm. magazine with seventeen rounds of ammunition; and

    n. A Taurus Millennium pro semi-automatic .45 handgun, serial number NZA75374, with ammunition.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to

forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A True Bill.

_____
Grand Jury Foreperson

CARTER M. STEWART
United States Attorney

_____
ROBERT C. BRICHLER
Assistant United States Attorney
Chief, Organized Crime Drug Enforcement Task Force