**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 29, 2015

Mr. Benjamin C. Glassman
Office of the U.S. Attorney
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

Mr. Paul M. Laufman
Laufman & Napolitano
4310 Hunt Road
Cincinnati, OH 45242

Re:  Case No. 15-3242/15-3420, *USA v. Sara Fath*
Originating Case No. : 1:13-cr-00091-5

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Renee M. Jefferies on behalf of Roy Ford
Case Manager
Direct Dial No. 513-564-7016

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Nos. 15-3242/3420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|  | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 29, 2015 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| SARA MEUSER FATH, | ) | THE SOUTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) | |
|  | ) | |
|  | ) | |

O R D E R

Before: KEITH, BOGGS, and GIBBONS, Circuit Judges.

In these consolidated appeals, Sara Meuser Fath, a federal prisoner proceeding with the benefit of counsel, appeals her criminal sentence (No. 15-3242) and a district court order denying her motion for release pending appeal (No. 15-3420). The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Fath pleaded guilty—pursuant to an agreement—to using a telephone to facilitate the commission of a felony drug offense in violation of 21 U.S.C. § 843(b) and conspiring to launder money in violation of 18 U.S.C. § 1956(h). The district court sentenced her to eighteen months of imprisonment.

On appeal, Fath contends that: (1) her trial attorney rendered ineffective assistance; (2) her sentence of imprisonment is substantively unreasonable; and (3) the district court abused its discretion in denying her motion for release pending appeal.

Nos. 15-3242/3420
- 2 -

Fath contends that her trial attorney rendered ineffective assistance of counsel. However, because any errors by her attorney are not apparent on the present record, any ineffective-assistance-of-counsel claim that Fath may have would be properly raised in a motion to vacate her sentence under 28 U.S.C. § 2255, rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Fath argues that counsel's errors are apparent, but she is wrong.

Ineffective-assistance claims are reviewed under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a defendant to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Id.* at 687. Generally, to establish prejudice in a guilty-plea context, such as in this case, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But here, Fath is claiming that her counsel's deficient performance caused her to miss out on a more favorable plea offer. Consequently, in order to establish prejudice, she is required to show that a more favorable plea agreement was available to her, *see Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012), and the current record does not suggest that the Government ever made one. Accordingly, based on the record here, this court will not review Fath's ineffective-assistance-of-counsel claim. Fath may instead pursue this claim in a habeas petition.

The district court did not err in sentencing Fath. Fath contends that her sentence is substantively unreasonable. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). This court applies a rebuttable appellate presumption of reasonableness to a sentence like Fath's that falls within a properly calculated sentencing guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Fath argues that her sentence is substantively unreasonable because she was sentenced more harshly than other defendants who engaged in similar conduct in violation of 18 U.S.C. § 3553(a)(6). The district court determined that the guideline imprisonment range was 24-30

Nos. 15-3242/3420
- 3 -

months, which was then lowered to 15-21 months once the court granted the Government's § 5K1.1 motion. Her 18-month sentence falls within this range. Thus, in this situation, reliance on § 3553(a)(6) to challenge the reasonableness of a sentence is unwarranted. *See, e.g.*, *United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008) (cited in *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011)) ("More generally, it is pointless for a defendant whose own sentence is within the Guidelines to raise this ground . . . . A sentence within a properly ascertained range . . . cannot be treated as unreasonable by reference to § 3553(a)(6)."). Fath has not rebutted the presumption of reasonableness afforded her sentence.

Because Fath's foregoing contentions fail to raise a substantial question of law or fact likely to result in reversal, the district court did not abuse its discretion in denying Fath's motion for release pending appeal. *See United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002) (applying abuse-of-discretion standard); 18 U.S.C. § 3143(b).

Accordingly, we **AFFIRM** the district court's judgment and order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk